UNITED STATES of America,
Plaintiff–Appellee

v.

Martin DEL CASTILLO–BARRON,
Defendant–Appellant.

No. 15–60623
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 5, 2016.

Gregory Layne Kennedy, Esq., Assistant U.S. Attorney, Jerry Lynn Rushing, Esq., Assistant U.S. Attorney, U.S. Attorney's Office, Jackson, MS, for Plaintiff–Appellee.

Michael L. Scott, Esq., Thomas Creagher Turner, Jr., Esq., Federal Public Defender's Office, Jackson, MS, for Defendant–Appellant.

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:

Martin Del Castillo–Barron was convicted of illegal reentry of a previously deported aggravated felon in violation of 8 U.S.C. § 1326(a)(2) and (b)(2). He was found in the United States during the course of a traffic stop when a police officer learned that occupants of the stopped vehicle, including Del Castillo–Barron, were not United States citizens and possessed no documents authorizing their presence in the country.

On appeal, Del Castillo–Barron argues that the district court erred in denying his motion to suppress evidence obtained following the traffic stop. In support of his argument, Del Castillo–Barron contends that the officer conducting the stop exceeded his jurisdiction under Mississippi state law because the stop occurred at a location where the officer lacked authority to act.

The relevant question is whether the officer, in conducting the traffic stop, violated the Fourth Amendment. *See United States v. Walker,* 960 F.2d 409, 415 (5th Cir.1992). Issues regarding local law-enforcement jurisdiction do not govern in a federal criminal action. *Id.; United States v. Hernandez–Acuna,* 202 Fed.Appx. 736, 744 (5th Cir.2006). Del Castillo–Barron does not challenge the district court's finding that the traffic stop conformed with the standard set forth in *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The district court, therefore, properly denied the motion to suppress.

AFFIRMED.